UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 16-42-DLB-CJS-1
CIVIL ACTION NO. 18-108-DLB-CJS

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                          **REPORT AND RECOMMENDATION**

ANTHONY MASON                                                             DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Anthony Mason, *pro se*, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (R. 98). The Government has responded (R. 109), and the time for Mason to reply has expired (R. 110). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). For the reasons given below, it will be recommended that Defendant's § 2255 motion be denied.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Mason pled guilty under a plea agreement to conspiracy to possess and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (R. 88; *see* R. 1, Page ID 1-2; R. 103, Page ID 295; R. 68). He was sentenced to 262 months in prison, based on a sentencing guidelines range of 262 to 327 months. (R. 88; R. 103, Page ID 307). Mason did not file a direct appeal.

Mason subsequently filed this § 2255 motion arguing that his trial counsel was ineffective for advising him "to enter into a written plea agreement stipulating a far greater amount of methamphetamine than was actually involved and giving up all appeal rights." (R. 98, Page ID 258). He contends that counsel should have advised him "to enter an oral guilty plea thus allowing

the Court to determine the facts." (*Id.*). The Government argues that Mason's claim is meritless. (R. 109).

## II.   ANALYSIS

Under § 2255(a), a defendant may seek habeas relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  To obtain relief for a non-constitutional error, a defendant "must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)).  In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  A defendant must prove his allegations by a preponderance of the evidence.  *Pough*, 442 F.3d at 964; *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018).

To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

2

*Id*.  A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688.  Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Where, as here, a defendant claims that had counsel performed effectively he would have entered an open plea, a defendant demonstrates prejudice by demonstrating:

> (1) a reasonable probability that he would have entered an open plea to the indictment absent ineffective assistance of counsel; (2) a reasonable probability that the plea would have been entered without the Court refusing to accept it; and (3) a reasonable probability that the end result would have been more favorable by reason of a sentence of less prison time.

*Terry v. United States*, No. 2:11-CR-00037, 2015 WL 5786804, at *4 (S.D. W.Va. Sept. 30, 2015).  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry.  *Id*. at 697. ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

Mason argues that had counsel advised him to enter an open plea, he would have received a better outcome because "the majority of the written [plea] agreements put forth by the government [in criminal cases] stip[ul]ate drug amounts that they think or assume were distributed,

3

stripping the defendant of his right to dispute this important fact at sentencing," while an open plea "admits only the minimum amount of drugs required to sustain the conviction, resulting in a lower base offense level, as well as preserving the right to appeal the sentence, [which] is almost always in the defendant[']s best interest."  (R. 102, Page ID 283).

Mason's summary development of his claim illustrates why it is important for a § 2255 motion to "state the facts supporting each ground"—the Court needs to be able to figure out the factual basis supporting a claim.  Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b).  "[I]t is not for the court to search the record and construct arguments.  Parties must do that for themselves."  *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017).  Even though Mason is *pro se*, the Court "should not have to guess at the nature of the claim asserted."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Moreover, the Court cannot develop Mason's claim for him.  *Brenay*, 709 F. App'x at 337 ("[W]hile it may be tempting to flesh out the parties' arguments for them, it is improper for the courts to do so.").  Here, Mason does not explain why his drug quantity was overstated in his plea agreement nor why preserving his appellate rights was a better strategy than reaching a plea agreement with the Government; accordingly, he has waived this claim by failing to develop it.  *See Thomas v. United States*, 849 F.3d 669, 679 (6th Cir.), *reh'g denied* (Apr. 27, 2017), *cert. denied*, 138 S. Ct. 261 (2017) ("A party waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation.").

Regardless, the semblance of a claim that he presents fails on the merits.  Assuming, arguendo, that trial counsel failed to inform Mason that he had the option to enter an open plea and that this was deficient performance, Mason has not demonstrated that he was prejudiced because he has not shown that he would have received a better outcome.

4

Mason's apparent assertion that his base offense level would have been lower had he been responsible for a lesser drug quantity is mistaken because his base offense level was driven by his designation as a career offender under USSG § 4B1.1 (2016), not his drug quantity. *See* § 4B1.1(b); (R. 103, Page ID 301, 302, 307). As to Mason's argument that an open plea would have "preserv[ed] the right to appeal the sentence," his written plea agreement did not prevent him from doing so. (R. 102, Page ID 283). It provides: "The Defendant waives the right to appeal the guilty plea and conviction; the Defendant waives the right to appeal the sentence, but only if the sentence imposed is 240 months." (R. 69, Page ID 152-53).[1] Because Mason was sentenced to 262 months in prison, he could have appealed his sentence.

---

[1] That portion of the transcript from Defendant's rearraignment proceeding reads as follows:

> THE COURT: So I'm reading that [referring to the plea agreement]. It looks like – it says the defendant waives the right to appeal paragraph 7, the guilty plea and conviction. Defendant waives the right to appeal the sentence, but only if the sentence imposed is 240 months.
> MS. LEONHARD: Your Honor, the part –
> THE COURT: Is it 240 months or higher or just 240 months?
> MS. LEONHARD: 240 months. I believe that Mr. Pisacano will be arguing that the appropriate sentence is 240 months, and, as you'll see in paragraph 9, the United States has agreed to recommend the low end of the advisory guideline range, which we believe will be 262. To the extent, if the Court imposes a sentence above 240 months, the defendant will retain his right to appeal the sentence only.
> THE COURT: Okay. That explains it. So if the Court stays within the guidelines but higher than 240, he retains the right to appeal that determination to the Sixth Circuit. Is that right?
> MR. PISACANO: That's correct, Judge.
> THE COURT: Is that your understanding?
> THE DEFENDANT: Yes, sir.
> THE COURT: Okay. Yours as well?
> MS. LEONHARD: Yes.
> THE COURT: All right. That makes sense then. Just the wording of it was a little bit odd. Go ahead.

(R. 103, Page ID 302-03).

## III. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under 28 U.S.C. § 2255). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Mason's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it also will be recommended that a certificate of appealability be denied upon the Court's entry of its final order in this matter.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS RECOMMENDED** that:

(1) Mason's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 98) **be denied;**

6

(2)    a Certificate of Appealability **be denied** by the District Judge in conjunction with the Court's entry of its final order in this matter;

(3)    Judgment in favor of the United States **be entered** contemporaneously with the Court's entry of its final order; and

(4)    this action **be stricken** from the active docket.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of August, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 ineffective assistance counsel\16-42-DLB Mason R&R final.docx